MAGER, Judge
(dissenting) :
In my opinion the suggestion for the writ of prohibition presents a prima facie case for the issuance of a rule directing the lower court to show cause why the writ as prayed for should not be granted. Rule 4.5, subd. d, F.A.R.; State ex rel. Gore Newspaper Company v. Tyson, Fla.App.1975, 313 So.2d 777.
The order in question, although motivated by a concern to secure and maintain a fair and impartial trial of the cause, nevertheless appears on its face and in its present form to operate as a prior restraint .upon the dissemination and publication of information by the news media in contravention of the guarantees of the First Amendment of the United States Constitution. Unitied States v. Dickinson, 5 Cir.1972, 465 F.2d 496.
For example, the order fails to indicate with some degree of precision and specificity the manner in which the publicity heretofore disseminated or to be disseminated in the future constitutes a “clear and present danger” to the orderly administration of justice; nor are there sufficient facts set forth in the order from which such determination can be made. Craig v. Harney, 331 U.S. 367, 67 S.Ct. 1249, 91 L. Ed. 1546 (1947); Brumfield v. State, Fla.1958, 108 So.2d 33. Moreover, the mere potential adverse effect of pretrial and trial publicity does not form a sufficient predicate upon which to restrict or limit the dissemination of information by the media. State ex rel. Superior Ct. of Snohomish Co. v. Sperry, 79 Wash.2d 69, 483 P.2d 608 (1971). The circumstances in the present situation may suggest some control of pretrial and trial publicity as well as methods other than those reflected in the order under review. See annotation 49 A.L.R.3d 1007,1010.
All of the foregoing including the allegations contained in the application for writ of prohibition amply demonstrate the existence of a prima facie case for a determination of whether the trial court’s order is in excess of its jurisdiction and merits the issuance of a rule nisi by this court and a response by all affected parties.